IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT KOPPERUD,

        Plaintiff,

v.                                      1:12-cv-3503-WSD

DEXTER MABRY, in his individual
capacity, and DAMIEN BUTLER, in
his individual capacity,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Robert Kopperud's ("Plaintiff" or "Kopperud") "Consolidated Motion for Reconsideration Regarding the Dismissal of Defendant Damien Butler" [81] ("Motion").

### I.    BACKGROUND

In the "Background" section of its December 18, 2013, Order, [80] ("Summary Judgment Order") the Court set forth this case's extensive factual background, and set forth the basis for granting in part Dexter Mabry's ("Mabry") and Damien Butler's ("Butler," together with Mabry, "Defendants") Motion for Summary Judgment [51]. (Summary Judgment Order at 2-18, 31-48). The

background section and analysis of Plaintiff's claims against Butler is incorporated here by reference.

On October 8, 2012, Plaintiff filed this action under 28 U.S.C. § 1983 against Defendants in their individual capacities. Defendants are deputies in the Fulton County, Georgia, Sheriff's Office. On November 18, 2012, Plaintiff filed an Amended Complaint asserting the following claims: (i) excessive use of force, brought under Section 1983 (asserted against Butler) (Count I); (ii) false arrest, brought under Section 1983 (asserted against Mabry and Butler) (Count II); (iii) assault and battery, brought under state law (against Mabry and Butler) (Count III); (iv) false imprisonment, brought under state law (against Mabry) (Count IV); (v) failure to intervene, brought under Section 1983 (against Mabry) (Count V); (vi) punitive damages (against Mabry and Butler) (Count VI); and (vii) attorneys' fees, under Section 1988 (against Mabry and Butler) (Count VII).[1] These claims were based on events involving Plaintiff's arrest on October 9, 2010.

On August 1, 2013, Defendants filed their Motion for Summary Judgment, asserting qualified immunity from Plaintiff's § 1983 claims and official immunity, under Georgia law, from Plaintiff's state-law claims.

---

[1] Plaintiff also asserted, but then abandoned: a state-law false arrest claim against Mabry and Butler; a state-law false imprisonment claim against Butler; and, under Section 1983, a failure to intervene claim against Butler. (Pl. Resp. to Def. Mot. for Summ. J. at 27 n.3. [72])

On December 18, 2013, the Court entered its Summary Judgment Order. The Court granted Defendants' motion in part, and denied it in part. With respect to Butler, the Court dismissed Plaintiff's excessive use of force, false arrest, and assault and battery claims, and dismissed Butler from the action.[2]

On January 9, 2014, Plaintiff filed his Motion,[3] seeking reconsideration of the Court's decision to dismiss the claims against Butler on the grounds that the Court made a clear error of fact in its Summary Judgment Order.

## II.  DISCUSSION

### A.  Legal Standard

The Court does not reconsider its orders as a matter of routine practice, and motions for reconsideration must be filed "within twenty-eight (28) days after the entry of the order or judgment." LR 7.2 E., NDGa. A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been

---

[2]  The Court also dismissed the failure to intervene claim against Mabry but denied the Motion for Summary Judgment as to the other counts against Mabry. Mabry appealed, and the Eleventh Circuit affirmed, holding that Mabry was not entitled to summary judgment. Kopperud v. Mabry, 14-10232, 2014 WL 3703983 (11th Cir. July 28, 2014).

[3]  On January 30, 2014, Butler filed his Response in Opposition [90] to the Motion, and, on February 17, 2014, Plaintiff filed his Reply [91].

presented in the previously-filed motion.  See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

A district court has the discretion to revise or reconsider interlocutory orders at any time before final judgment has been entered.[4]  Fed. R. Civ. P. 54(b); e.g., Bryant v. Jones, 696 F. Supp. 2d 1313, 1320 (N.D. Ga. 2010).  "A motion for reconsideration generally is appropriate where there is: (1) newly discovered

---

[4] The Summary Judgment Order dismissing the claims against Butler is not immediately appealable and thus is not a final judgment.  See Fed. R. Civ. P. 54(a) (defining "judgment" to include "a decree and any order from which an appeal lies."); Cottrell v. Caldwell, 85 F.3d 1480, 1484 (11th Cir. 1996) ("We have no interlocutory jurisdiction to review the *grant* of summary judgment to a defendant on qualified immunity grounds.") (emphasis in original).  Plaintiff thus cannot seek relief pursuant to Federal Rule of Civil Procedure 59(e) or 60(b).  See Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993) ("A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order).") (emphasis added).

evidence;[5] (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact."[6] Id. (reconsidering the denial of Court's order denying defendants' motion for summary judgment brought on qualified immunity grounds); see also, e.g., Jersawitz v. People TV, 71 F.Supp.2d 1330, 1344 (N.D.Ga.1999). Whether to grant a motion for reconsideration is within the sound discretion of the Court. See Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993).

B.   Analysis

Plaintiff's Motion does not rely on newly discovered evidence or an intervening development or change in controlling law. Plaintiff requests that the Court reconsider its prior ruling based upon an alleged need to correct a clear error of fact.

---

[5]   Evidence that could have been discovered and presented on the previously-filed motion is not newly discovered. See Arthur v. King, 500 F.3d 1335, 1343-44 (11th Cir. 2007); see also Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("We join those circuits in holding that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

[6]   The standard for reconsidering an interlocutory order is the same as that used under Federal Rule of Civil Procedure 59(e). Cf. Giles v. Winn-Dixie Montgomery, LLC, 14-11134, 2014 WL 3882951, at *3 (11th Cir. Aug. 8, 2014) (affirming denial of Rule 59(e) motion due to plaintiff failing to identify any newly-discovered evidence, intervening law, or manifest errors of law of fact).

Plaintiff asserts that the Court erroneously found that: 1) Butler was not involved in Plaintiff's arrest; and 2) Butler did not mock Plaintiff's head injury by taking unauthorized pictures of the injury.  Plaintiff also claims that Butler made false statements to hide his use of force against Plaintiff.  Plaintiff asserts that the record, as identified in his Motion, would allow a rational jury to conclude that Butler acted maliciously when he injured Plaintiff, and thus is not entitled to qualified immunity on his excessive force and assault claims.

Plaintiff does not meet the standard for granting a motion for reconsideration.  Plaintiff acknowledges that he was the cause of the asserted confusion in this case that resulted in the Court overlooking evidence against Butler.  (Motion at p. 2).  Plaintiff notes that he did "not lay out the record appropriately for this Court."  (Id. at p. 17).  Plaintiff states also that his Motion "does not add any new facts to the record; it simply highlights *existing* facts *in both* [sic] [Plaintiff's] Response to Defendants' Motion for Summary Judgment . . . ."  (Reply at 1 n.1) (emphasis in original).  Plaintiff "acknowledge[s] that the facts demonstrating Butler's liability could have been presented *more clearly* in [Plaintiff's] Response to Defendants' Motion for Summary Judgment."  (Id.).

In its Summary Judgment Order, the Court found that Butler "was not engaged in [Plaintiff's] arrest."  (Summary Judgment Order at p. 40).  Butler, in his

6

Response in Opposition, acknowledges that he was involved in Plaintiff's arrest, but asserts that his involvement was isolated and minimal, and was based upon information provided by Mabry.  (Response in Opposition at p. 3).

Plaintiff asserts that Butler's involvement in his arrest is relevant to Plaintiff's testimony that one of his arresting officers taunted him.  (Motion at p. 4-5).  Plaintiff does not assert that Butler was the specific arresting officer that taunted him.  Plaintiff does not establish that the Court's mistaken understanding of Butler's involvement in Plaintiff's arrest, which the Court agrees was minimal and at the direction of Mabry, caused the Court to reach an incorrect conclusion in its Summary Judgment Order.  A "clear error of fact" is not clear and obviously if the issue is "at least arguable."  Cf. Reid v. BMW of N. Am., 464 F. Supp. 2d 1267, 1270 (N.D. Ga. 2006).

In both his Response [72] to the Motion for Summary Judgment or his Sur-Reply [75],[7] Plaintiff failed to assert that Butler was involved in his arrest, or raise this issue in support of any of his claims against Butler.  The Court is not required to "sift through the facts presented and decide for [itself] which [are] material to the particular cause of action asserted."  Cf. Hazelton v. Dekalb Cnty.,

---

[7] Plaintiff filed a document named "Plaintiff's Response to Defendants' Objection to Evidence Cited and Filed by Plaintiff."  This pleading addresses arguments raised in Defendants' Reply.

Ga., 09-cv-00026, 2009 WL 2848226, at * 1 (N.D. Ga. Aug. 31, 2009) (quoting Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296 n. 9 (11th Cir.2002)).  Plaintiff is seeking to turn a factual misunderstanding that he had ample opportunity to address prior to the Summary Judgment Order into grounds for him to reargue issues previously litigated and resolved by this Court.  Plaintiff is not entitled to instruct the Court on how it "could have done it better."  Butler's involvement in Plaintiff's arrest does not warrant reconsideration of the Court's Summary Judgment Order.  See, e.g., Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).

      The remaining issues raised by Plaintiff do not involve mistakes of fact, and, thus, do not even purport to satisfy the standard for reconsideration of the Court's Summary Judgment Order.  Plaintiff reiterates his claim that Butler slammed Plaintiff's head against the window while he was handcuffed and inside the intake area, and argues that Butler made a false statement to hide his use of force against Plaintiff.  (Motion at pp. 5-7, 9-10).  Plaintiff does not provide any new evidence, authority, or establish an error of fact to warrant reconsideration of the Court's prior ruling that the force Butler used was appropriate under the circumstances and

was not committed maliciously for the purpose of causing harm to Plaintiff. (Summary Judgment Order at pp. 31-44).

Plaintiff also suggests that the Court made an inconsistent finding regarding whether Butler took photographs of Plaintiff's injuries. (Motion at p. 7-8). In its Summary Judgment Order, the Court noted:

> Kopperud stated Butler and some other officer laughed "at him" when the photographs were taken and states the pictures were taken on iPhones. <u>There are no photographs in the record, but the Court, viewing the evidence in the light most favorable to the Plaintiff, assumes photographs were taken</u>.

(Summary Judgment Order at p. 40 n.37) (emphasis added). The Court then noted:

> [t]here is no evidence the photographs were not authorized or taken for a reason other than to document Kopperud's appearance at the time.

(Id. at p. 42 n.38).

Plaintiff notes that Butler previously testified that no pictures of Plaintiff were taken in his presence. (Motion at p. 8). Plaintiff asserts that the Court's finding that photographs were taken, combined with Butler's testimony that no photographs were taken, demonstrates that Butler did not take any of the alleged photographs for any authorized reason. (Motion at p. 8). One, however, does not follow the other. The Court, as is proper when deciding whether to grant summary judgment, viewed the evidence in Plaintiff's favor and found, for purposes of summary judgment, that photographs had been taken. The Court, however, did not

make a factual finding that photographs were actually taken, and Butler's testimony that no photographs were taken is not inconsistent with the record. Butler's testimony is also not inconsistent with the Court's conclusion that, to the extent photographs were taken, there is no evidence that they were taken for any unauthorized reason. Plaintiff is seeking to create an issue of fact where none exists in order to relitigate issues already decided by this Court, and is not entitled to reconsideration of his claims. See Arthur, 500 F.3d at 1343; O'Neal v. Kennamer, 958 F.2d at 1047; see also Jones v. S. Pan Servs., 450 F. App'x at 863 ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.").

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [81] is **DENIED**.

**SO ORDERED** this 21st day of August, 2014.

*[signature]*
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

10