IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT KOPPERUD,

                Plaintiff,

v.

DEXTER MABRY, in his individual capacity,

                Defendant.

1:12-cv-3503-WSD

## OPINION AND ORDER

This matter is before the Court on R. David Ware's, Walter B. Yarbrough's, and Jenise Smith's (together, "Counsel") Motion to Withdraw from the Representation of Defendant Mabry Pursuant to L.R. 83.1(E) (the "Motion to Withdraw").

## I.  BACKGROUND

On October 8, 2012, Plaintiff Robert Kopperud's ("Plaintiff") filed this action under 28 U.S.C. § 1983 against Defendant Dexter Mabry ("Mabry") and Defendant Damien Butler ("Butler") in their individual capacities. On July 2, 2013, Plaintiff filed his Consolidated Consent Motion for Limited Discovery Depending on the Outcome of Dispositive Motions [50] ("Discovery Motion"), requesting that the Court grant additional time for Plaintiff to depose

certain witnesses.  On August 1, 2013, Mabry and Butler filed their Motion for Summary Judgment [51].

On December 18, 2013, the Court granted [80] summary judgment in favor of Butler on all counts and dismissed Butler from this action, and granted summary judgment in favor of Mabry on some, but not all, of Plaintiff's counts.  The Court also granted the Discovery Motion, extending the discovery deadline to February 14, 2014, for the limited purpose of conducting additional depositions related to Plaintiff's false arrest claim against Mabry.  On January 16, 2014, Mabry appealed [82] the Court's denial of summary judgment in his favor, and on July 28, 2014, the Eleventh Circuit entered its judgment affirming [97] (the "July 28th Opinion) the Court's January 16, 2014, decision, finding that:

> In the light of this record and the then-clearly-established law, no reasonable officer in the same circumstances and possessing Deputy Mabry's knowledge could have believed that probable cause existed to arrest Plaintiff for criminal trespass, when and where Plaintiff was arrested.

(July 28th Opinion ¶ 7).[1]

On September 4, 2014, Plaintiff and Mabry (together, the "Parties") filed their Consent Motion to Stay Case [101] ("Stay Motion"), requesting a stay of this action until October 4, 2014, to allow the Parties to conduct settlement

---

[1]   Kopperud v. Mabry, 573 F. App'x 828, 831-32 (11th Cir. 2014).

negotiations. On September 9, 2014, the Court granted the Stay Motion. On October 9, 2014, the Court stayed the case for an additional thirty (30) days, or through November 3, 2014.

On December 12, 2014, the Court ordered [109] the Parties to file on or before December 19, 2014, their proposed consolidated pretrial order. On December 15, 2014, the Court, at the request of the Parties, held a status conference by telephone. During the status conference, counsel for Plaintiff requested additional time to conduct the depositions the Court had previously agreed to allow prior to Mabry's appeal. Counsel informed the Court that they intended to file a motion to withdraw as counsel.

On December 15, 2014, Plaintiff filed his Motion for Leave to Depose Fact Witnesses Before Trial [111] ("Deposition Motion") and Motion to Modify This Court's Order Regarding the Submission of the Parties' Proposed Pre-Trial Order [112] ("Scheduling Motion"), requesting that the Court permit Plaintiff to depose Rockie Smith, James Gates, Mark Shaw, and Kimarie Bell, and any new witness named by Mabry. Plaintiff requested that he be permitted to submit proposed dates for these depositions within two (2) days after the resolution of Counsel's to-be-filed motion to withdraw. On December 15, 2014, Plaintiff filed his Scheduling Motion, requesting that the Court order that no pretrial report is due

3

until after Counsel's to-be-filed motion to withdraw is resolved.  The Deposition Motion and Scheduling Motion were unopposed.

On December 17, 2014, the Court granted [115] Plaintiff's Deposition Motion and Scheduling Motion, and ordered that Plaintiff must submit proposed dates for the depositions of Rockie Smith, James Gates, Mark Shaw, and Kimarie Bell within ten (10) days after the Court's order on the Motion to Withdraw, and required the Parties to file their proposed consolidated pretrial order within two (2) weeks after the depositions are concluded.

On December 16, 2014, Counsel filed their Motion to Withdraw.[2]

## II.   DISCUSSION

### A.   Legal Standard

Local Rule 83.1E(1) states: "Counsel will not ordinarily be allowed to withdraw after pretrial or at a time when withdrawal will cause a delay in the trial of the case."  Local Rule 83.1E(1).  It further provides that "[t]his policy notwithstanding, an attorney wishing to withdraw the attorney's appearance in any action or proceeding or wishing to have the attorney's name stricken as attorney of

---

[2]   On December 29, 2014, Mabry filed his Pro Se Response in Opposition [117] to the Motion to Withdraw.  On January 2, 2015, Plaintiff filed his Response in Opposition [118] to the Motion to Withdraw.  On January 16, 2015, Counsel filed its Reply [119], and, on March 31, 2015, Counsel filed its Notice to the Court of Compliance with Bar Rules [120].

record for a party in any case shall comply [with the procedure outlined in the Rule]." Local Rule 83.1E(2). The Local Rule requires that, among other things, that an attorney requesting permission to withdraw as counsel for a party file a motion "stat[ing] that the attorney has given the client fourteen (14) days prior notice of the attorney's intention to request permission to withdraw," N.D. Ga. L.R. 83.1E.(2)(b), and attach a copy of the notice to the motion, N.D. Ga. L.R. 83.1E.(2)(b)(J). The Local Rule further requires that this notice contain certain information about the case and a party's continuing obligations. N.D. Ga. L.R. 83.1E.(2)(b)(A)-(I).

Rule 1.7 of the Georgia Rules of Professional Conduct (the "Professional Rules") state that a "lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client." Professional Rule 1.6 requires an attorney to withdraw from representing a client if "the representation will result in violation of the Georgia Rules of Professional Conduct or other law."

B.   Analysis

Counsel, in their Motion to Withdraw, assert that on October 2, 2014, the Fulton County Board of Commissioners (the "Board") voted to withdraw from

5

providing a defense or paying judgment for Mabry in this case.³ Counsel asserts that the Board based its decision to withdraw from defending Mabry on the Eleventh Circuit's finding that:

> In the light of this record and the then-clearly-established law, no reasonable officer in the same circumstances and possessing Deputy Mabry's knowledge could have believed that probable cause existed to arrest Plaintiff for criminal trespass, when and where Plaintiff was arrested [and that] it was already clearly established under Georgia law that no arguable probable cause existed to arrest Plaintiff for criminal trespass.

Kopperud v. Mabry, 573 F. App'x 828, 831-33 (11th Cir. 2014).⁴

Counsel asserts that, because the Board decided to withdraw its provision of legal representation on behalf of Mabry, a conflict now exists that prevents

---

³ The Board published its decision on November 5, 2014.

⁴ The Court notes that the Eleventh Circuit's conclusion that it was clearly established under Georgia law that no arguable probable cause existed to arrest Plaintiff for criminal trespass was based upon an interpretation of the existing record in favor of Plaintiff. The Eleventh Circuit stated, in full:

> Drawing all inferences and viewing this record in the light most favorable to Plaintiff, it was already clearly established under Georgia law that no arguable probable cause existed to arrest Plaintiff for criminal trespass. Given the assumed facts, we accept that summary judgment based on qualified immunity is not demanded at this stage in the proceedings.

Kopperud v. Mabry, 573 F. App'x 828, 833 (11th Cir. 2014). The Eleventh Circuit thus, did not conclude as a matter of law that Mabry wasn't entitled to qualified immunity. The Eleventh Circuit concluded only that Mabry was not entitled to summary judgment on his claim of qualified immunity.

providing a defense or paying judgment for Mabry in this case.³ Counsel asserts that the Board based its decision to withdraw from defending Mabry on the Eleventh Circuit's finding that:

> In the light of this record and the then-clearly-established law, no reasonable officer in the same circumstances and possessing Deputy Mabry's knowledge could have believed that probable cause existed to arrest Plaintiff for criminal trespass, when and where Plaintiff was arrested [and that] it was already clearly established under Georgia law that no arguable probable cause existed to arrest Plaintiff for criminal trespass.

Kopperud v. Mabry, 573 F. App'x 828, 831-33 (11th Cir. 2014).⁴

Counsel asserts that, because the Board decided to withdraw its provision of legal representation on behalf of Mabry, a conflict now exists that prevents

---

³ The Board published its decision on November 5, 2014.

⁴ The Court notes that the Eleventh Circuit's conclusion that it was clearly established under Georgia law that no arguable probable cause existed to arrest Plaintiff for criminal trespass was based upon an interpretation of the existing record in favor of Plaintiff. The Eleventh Circuit stated, in full:

> Drawing all inferences and viewing this record in the light most favorable to Plaintiff, it was already clearly established under Georgia law that no arguable probable cause existed to arrest Plaintiff for criminal trespass. Given the assumed facts, we accept that summary judgment based on qualified immunity is not demanded at this stage in the proceedings.

Kopperud v. Mabry, 573 F. App'x 828, 833 (11th Cir. 2014). The Eleventh Circuit thus, did not conclude as a matter of law that Mabry wasn't entitled to qualified immunity. The Eleventh Circuit concluded only that Mabry was not entitled to summary judgment on his claim of qualified immunity.

Counsel from representing Mabry, because the duties that Counsel owed to the Board, a third party, "will materially and adversely affect the representation of [Mabry]."

The Court agrees. Counsel is employed by the Fulton County Office of the County Attorney. The Office of the County Attorney is controlled by the Board, which, while not a party to this action, has decided to withdraw its representation of Mabry. The Board's decision creates a clear conflict of interest between Counsel's obligations to the Board and their obligations to Mabry, necessitating Counsel to withdraw from representing Mabry. See Professional Rules 1-6, 1.7.

Mabry, in his Response, asserts that the Eleventh Circuit did not conclude that he acted with actual malice, and that he will be harmed by Counsel's withdrawal of representation, as he does not have the resources to defend himself. ([117] ¶¶ 10-11). The Court agrees that the Eleventh Circuit did not conclude that Mabry acted with actual malice, and concluded only that there were sufficient facts in the record, viewed in the light most favorable to Plaintiff, that the issue of malice should be decided by a jury. The Court, however, notes that the Board's decision to withdraw from representing Mabry on these grounds, even if wrong, still creates a conflict of interest between Counsel's obligations to the Board and Counsel's obligations to Mabry. The Court notes also that the Georgia Code

allows, but does not require, Fulton County to defend Mabry. <u>See</u> Ga. Code. Ann. § 45-9-21(a) ("such municipalities, counties, and other public bodies may, in their discretion . . . adopt policies whereby the municipality, county, and other public body will undertake to defend all or specified civil, criminal, or quasi-criminal actions brought or maintained against members of the municipality, county, or other public body . . . arising out of the performance of their duties . . . ."); <u>see also</u> <u>Prayor v. Fulton Cnty.</u>, No. 1:08-CV-3772-WSD, 2009 WL 981996, at *4 (N.D. Ga. Apr. 13, 2009) ("The Georgia Code does not obligate counties to provide their employees with legal defenses. To the extent a county wishes to give its employees defense and indemnification benefits, the Georgia Court of Appeals has allowed counties 'considerable latitude' in choosing what actions to defend."). Irrespective of the propriety of the Board's decision, Counsel is confronted with a conflict between their obligations to the Board and their obligations to Mabry, which requires them to withdraw from representing Mabry in this action.[5]

---

[5] The Court notes that, to the extent that Mabry and Plaintiff contend that the Board improperly withdrew Mabry's representation, this contention, even if true, does not change the fact that the Board's decision gives rise to a conflict under Professional Rule 1.7. To the extent that Mabry believes that the Board's decision was improper, Mabry must raise this issue with the Board and seek to have them reinstate his representation or reimburse him for any representation he may seek to replace Counsel.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Counsel's Motion to Withdraw from the Representation of Defendant Mabry Pursuant to L.R. 83.1(E) [114] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Mabry shall advise the Court on or before May 15, 2015, whether he will be represented by counsel in this action. If counsel will represent Defendant Mabry, counsel shall file an appearance in this case on or before May 18, 2015.

**IT IS FURTHER ORDERED** that if counsel for Defendant Mabry makes an appearance in this matter, counsel for the Parties shall provide to the Court the dates to which they agree for the depositions of Rockie Smith, James Gates, Mark Shaw, and Kimarie Bell (the "Depositions"). The Depositions must be concluded on or before June 30, 2015.

**IT IS FURTHER ORDERED** that if Defendant Mabry advises the Court on or before May 15, 2015, that he will not be represented by counsel, the Parties shall provide to the Court, on or before May 25, 2015, dates to which they agree to conduct the Depositions. The Depositions must be concluded on or before June 30, 2015.

**IT IS FURTHER ORDERED** that the Parties shall file their proposed consolidated pretrial order within two (2) weeks after the Depositions are concluded.

**SO ORDERED** this 4th day of May, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE