IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT KOPPERUD,

                Plaintiff,

v.                                                                             1:12-cv-3503-WSD

DEXTER MABRY, in his individual
capacity,

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Extension of Time to File Pretrial Order [126] and Plaintiff's Motion for Status Conference [130], seeking a conference to discuss the status of this litigation and the date upon which trial will be set.

On October 8, 2012, Plaintiff Robert Kopperud's ("Plaintiff") filed this action under 28 U.S.C. § 1983 against Defendant Dexter Mabry ("Mabry") and Defendant Damien Butler ("Butler") in their individual capacities. On July 2, 2013, Plaintiff filed his Consolidated Consent Motion for Limited Discovery Depending on the Outcome of Dispositive Motions [50] ("Discovery Motion"), requesting that the Court grant additional time for Plaintiff to depose

certain witnesses.  On August 1, 2013, Mabry and Butler filed their Motion for Summary Judgment [51].

On December 18, 2013, the Court granted [80] summary judgment in favor of Butler on all counts and dismissed Butler from this action, and granted summary judgment in favor of Mabry on some, but not all, of Plaintiff's counts.  The Court also granted the Discovery Motion, extending the discovery deadline to February 14, 2014, for the limited purpose of conducting additional depositions related to Plaintiff's false arrest claim against Mabry.  On January 16, 2014, Mabry appealed [82] the Court's denial of summary judgment in his favor, and on July 28, 2014, the Eleventh Circuit entered its judgment affirming [97] (the "July 28th Opinion) the Court's January 16, 2014, decision, finding that:

> In the light of this record and the then-clearly-established law, no reasonable officer in the same circumstances and possessing Deputy Mabry's knowledge could have believed that probable cause existed to arrest Plaintiff for criminal trespass, when and where Plaintiff was arrested.

(July 28th Opinion ¶ 7).[1]

On September 4, 2014, Plaintiff and Mabry (together, the "Parties") filed their Consent Motion to Stay Case [101] ("Stay Motion"), requesting a stay of this action until October 4, 2014, to allow the Parties to conduct settlement

---

[1] Kopperud v. Mabry, 573 F. App'x 828, 831-32 (11th Cir. 2014).

negotiations. On September 9, 2014, the Court granted the Stay Motion. On October 9, 2014, the Court stayed the case for an additional thirty (30) days, or through November 3, 2014.

On December 12, 2014, the Court ordered [109] the Parties to file on or before December 19, 2014, their proposed consolidated pretrial order. On December 15, 2014, the Court, at the request of the Parties, held a status conference by telephone. During the status conference, counsel for Plaintiff requested additional time to conduct the depositions the Court had previously agreed to allow prior to Mabry's appeal. Counsel informed the Court that they intended to file a motion to withdraw as counsel.

On December 15, 2014, Plaintiff filed his Motion for Leave to Depose Fact Witnesses Before Trial [111] ("Deposition Motion") and Motion to Modify This Court's Order Regarding the Submission of the Parties' Proposed Pre-Trial Order [112] ("Scheduling Motion"), requesting that the Court permit Plaintiff to depose Rockie Smith, James Gates, Mark Shaw, and Kimarie Bell, and any new witness named by Mabry. Plaintiff requested that he be permitted to submit proposed dates for these depositions within two (2) days after the resolution of Counsel's to-be-filed motion to withdraw. On December 15, 2014, Plaintiff filed his Scheduling Motion, requesting that the Court order that no pretrial report is due

until after Counsel's to-be-filed motion to withdraw is resolved. The Deposition Motion and Scheduling Motion were unopposed.

On December 16, 2014, Counsel for Defendant filed their Motion to Withdraw [114].[2]

On December 17, 2014, the Court granted [115] Plaintiff's Deposition Motion and Scheduling Motion, and ordered that Plaintiff must submit proposed dates for the depositions of Rockie Smith, James Gates, Mark Shaw, and Kimarie Bell within ten (10) days after the Court's order on the Motion to Withdraw, and required the Parties to file their proposed consolidated pretrial order within two (2) weeks after the depositions are concluded.

On May 4, 2015, the Court granted [114] Counsel for Defendant's Motion to Withdraw, ordered that the depositions must be concluded on or before June 30, 2015, and that the parties file their proposed consolidated pretrial order within two (2) weeks after the depositions were concluded.[3]

On June 30, 2015, Plaintiff filed a First Motion for Extension of Time to File Pretrial Order [124] citing personal issues resulting from an automobile accident.

---

[2]  On December 29, 2014, Mabry filed his Pro Se Response in Opposition [117] to the Motion to Withdraw. On January 2, 2015, Plaintiff filed his Response in Opposition [118] to the Motion to Withdraw. On January 16, 2015, Counsel filed its Reply [119], and, on March 31, 2015, Counsel filed its Notice to the Court of Compliance with Bar Rules [120].

[3]  Attorney Clarence R. Johnson appeared for Defendant on May 15, 2015.

On the same day, the Court granted the motion extending the time for the parties to file the pretrial order to August 4, 2015. On July 28, 2015, Plaintiff filed a Second Motion for Extension of Time to File Pretrial Order [125] citing continued personal issues related to the same automobile accident. The Court granted the motion on the same day, extending the time for the parties to file the pretrial order through August 18, 2015. On August 19, 2015, Defendant filed his Motion for Extension of Time to File Pretrial Order.

On August 21, 2015, the parties filed a Proposed Pretrial Order [129] (the "Proposed Pretrial Order"). The Proposed Pretrial Order, as filed, does not meet the requirements of Local Rule 16.4 for this District or Paragraph 16 of the Court's Standing Order Regarding Civil Litigation.[4]

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that, on or before September 8, 2015, the parties shall file a Consolidated Pretrial Order that adheres to the Court's Standing Order Regarding Civil Litigation and this District's Local Rule 16.4. The Court, according to its regular case management procedures, will consider when to set this

---

[4] http://www.gand.uscourts.gov/sites/default/files/Standing_Order_Re_Civil_Litigation.pdf. The Pretrial Order that was filed was essentially two separate, unconsolidated submissions.

case for trial after it reviews the Consolidated Pretrial Order that is required to be submitted by the parties on or before September 8, 2015.

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time to File Pretrial Order [126] is **DENIED AS MOOT** and Plaintiff's Motion for Status Conference [130] is **DENIED**.

**SO ORDERED** this 28th day of August, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE