IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT KOPPERUD,

               Plaintiff,

v.                                                              1:12-cv-3503-WSD

DEXTER MABRY,

               Defendant.

# OPINION AND ORDER

This matter is before the Court on Plaintiff Robert Kopperud's ("Plaintiff") Motion *in Limine* [139] (the "Motion").

On October 23, 2015, Plaintiff filed his Motion, requesting an order prohibiting Defendant from referencing the following topics or issues in front of the jury: (1) collateral sources of payment Plaintiff may have received as a result of his injuries; (2) mention of any arrests, convictions, or incarcerations of Plaintiff other than the circumstances of his being in jail prior to the time of the subject events; (3) any testimony or argument that attempts to shift blame to any nonparties; (4) comments that Defendant is not covered by liability insurance; (5) comments about Defendant's inability to pay a judgment; (6) comments that higher taxes or medical costs may result from a verdict in Plaintiff's favor;

(7) comparison of this case to other claims, cases, injuries, settlements, or verdicts; (8) comments about arrangements between Plaintiff and his attorneys regarding the payment of attorneys' fees; (9) comparison of the filing of a lawsuit to playing the lottery; (10) reference or suggestion that Defendant is sorry or regrets the occurrence at issue in this case; (11) suggestion that Defendant has or has not made an offer to settle this case; (12) any demand or request before the jury for documents, photographs, or items in the possession of Plaintiff or Plaintiff's counsel; and (13) any reference to the Motion being filed, or ruled upon by the Court.  (See Mot. ¶¶ 1-13).

On February 5, 2016, Defendant Mabry ("Defendant") filed his Response [145] to the Motion.  Defendant agrees that he will not reference the subjects of Paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 11, and 13.  (Resp. at 1-3).  Based on these representations, the Court denies Plaintiff's Motion on these ten topics as moot.

Defendant agrees to the conditions set forth in Paragraphs 10 and 12 of the Motion.  (Id. at 2).  Paragraph 10 seeks to prohibit "[a]ny reference or suggestion that Defendant is sorry or regret[s] the occurrence in question . . . .  By the same token, Plaintiff will not comment upon Defendant['s] lack of an apology."  (Mot. ¶ 10).  Paragraph 12 seeks to prohibit "[a]ny demand or request before the jury for documents, photographs, or items in the possession of Plaintiff[] or counsel for the

2

Plaintiff[] . . . . Any items in the possession of Plaintiff, or Plaintiff's counsel, which are the subject of a valid and properly served subpoena or notice to produce will be produced outside the presence of the jury at an appropriate time during trial, upon request." (Mot. ¶ 12). Upon the agreement of the Defendant, the Court grants the Motion with respect to Paragraphs 10 and 12.

Defendant objects to Paragraph 3 of the Motion. Paragraph 3 seeks to prohibit "testimony, argument, comment or innuendo from any other witness, party, or lawyer that attempts to shift blame to any nonparties because Defendant did not file the notice of intent to apportion fault to nonparties required by O.C.G.A. § 51-12-33(d)." The Court will address Defendant's objections to Paragraph 3 at the February 10, 2016, Pretrial Conference.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion *in Limine* [139] is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** with respect to Paragraphs 10 and 12. It is **DENIED AS MOOT** with respect to Paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 11, and 13.

**IT IS FURTHER ORDERED** that the Court **DEFERS** on ruling on Paragraph 3 of the Motion *in Limine*. The Court will address Paragraph 3 of the Motion *in Limine* at the February 10, 2016, Pretrial Conference.

**SO ORDERED** this 7th day of February, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE